# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60289
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO ALFARO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-97

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alfonso Alfaro was convicted, pursuant to his conditional guilty plea, of possession with intent to distribute more than five kilograms of cocaine hydrochloride. The charge against Alfaro arose after a law enforcement officer stopped Alfaro's vehicle, a drug-detecting canine alerted to the rear of the vehicle, and packages containing cocaine hydrochloride were subsequently seized. Alfaro challenges the resolution of his motion for suppression of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, arguing that the district court erred in denying the motion without conducting an evidentiary hearing.

"[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* We review the denial of a hearing on a motion to suppress for abuse of discretion. *See id.* at 737-38.

The legality of traffic stops is analyzed under the "two-tiered reasonable suspicion inquiry" articulated in *Terry v. Ohio*, 392 U.S. 1 (1968), which evaluates "whether the officer's action was justified at its inception," and "whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003). Rather than challenging the initial stop, Alfaro, referring to the second tier of the *Terry* inquiry, contends that he provided sufficient factual information to warrant an evidentiary hearing on his suppression motion. The gravamen of his argument is that, inasmuch as the initial justification for the traffic stop was an obscured license plate, and given that the officer who conducted the stop stated that he was going to issue a warning for the obscured license plate, there was an issue as to whether his continued detention and questioning were justified by, and reasonably related to, the reason for the stop. Alfaro also contends that there was an issue as to whether the search of his vehicle by both the officer and his canine were justified by, and reasonably related to, the reason for the stop.

As part of a traffic stop, a police officer can request a driver's license, insurance papers, vehicle registration; run a computer check on the papers; and issue a citation. *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir.

1993).  An officer may ask questions about the purpose and itinerary of the trip or about subjects completely unrelated to the stop so long as those questions do not extend the stop's duration.  *United States v. Pack*, 612 F.3d 341, 350 (5th Cir. 2010).  However, when the purpose of the stop is resolved, "the detention must end unless there is additional reasonable suspicion supported by articulable facts."  *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003).  As the Supreme Court recently stated, "[a] seizure justified only by a police-observed traffic violation . . . become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a ticket for the violation."  *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015) (internal quotation marks and citation omitted). "[T]he brevity of the invasion of the individual's Fourth Amendment interests is an important factor in determining whether the seizure is so minimally intrusive as to be justifiable on reasonable suspicion."  *United States v. Place*, 462 U.S. 696, 709 (1983).

Here, the facts alleged by Alfaro in his suppression motion show that, upon stopping Alfaro's vehicle for an obscured license plate, the officer informed Alfaro of the reason for the stop and requested that Alfaro provide identification.  The officer briefly questioned Alfaro about his license plate and questioned Alfaro as to whether he still lived at the address shown on his driver's license.  The officer then initiated a computer check of the license plate. These actions were reasonable and do not constitute a Fourth Amendment violation.  *See Place*, 462 U.S. at 709; *Pack*, 612 F.3d at 350; *Shabazz*, 993 F.2d at 437; *see also United States v. Zamora*, 661 F.3d 200, 207-08 (5th Cir. 2011) (indicating that the conduct of law enforcement officers had not been unreasonable where, after stopping a vehicle that had a cancelled rear license plate and was missing its front license plate, the officers, *inter alia*, ran a computer check of the license plate).

No. 15-60289

According to Alfaro's factual allegations, before the officer learned the outcome of the computer check, he asked Alfaro if he would consent to a search of the vehicle, and Alfaro gave his consent.  As was true in *Shabazz*, "[b]ecause [the officer] w[as] still waiting for the computer check at the time that [he] received consent to search the car, the detention to that point continued to be supported by the facts that justified its initiation." *Shabazz*, 993 F.2d at 437. Alfaro's allegations in the district court thus establish that it was pursuant to his consent that the officer searched his vehicle, and during that endeavor the officer's canine alerted to the rear bumper of Alfaro's vehicle, leading to the eventual seizure of the contraband.  Courts "have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so." *Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991).

In view of the forgoing, Alfaro has not shown that he "allege[d] sufficient facts which, if proven, would justify relief." *Harrelson*, 705 F.2d at 737.  He has therefore failed to show an abuse of discretion in the district court's denial of his suppression motion without conducting an evidentiary hearing.  *See id.*

Alfaro also argues that his case should be remanded to the district court for further consideration in light of the Supreme Court's decision in *Rodriguez*, which was handed down after he was sentenced.  As our discussion above illustrates, the instant case does not involve an extension of "an otherwise-completed traffic stop" for the purpose of a canine sniff.  *Rodriguez*, 135 S. Ct. at 1614.  A remand based on *Rodriguez* would serve no purpose.

AFFIRMED.

4